Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Jaclyn E. Adler



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jaclyn E. Adler<br><br>    the plaintiff,<br>v.<br><br>Legal Recovery Law Offices, Inc., Mark D. Walsh, and Capital One Bank (USA) N.A. | Case Number: '10CV1778 BEN, BLM<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. Jaclyn E. Adler, (the plaintiff), through the plaintiff's attorneys, brings this action to challenge the actions of Legal Recovery Law Offices, Inc. (LRL), Mark D. Walsh (Walsh), and Capital One Bank (USA) N.A. (Capital One), (jointly, "the defendants"), with regard to attempts by the defendants to unlawfully and abusively collect a debt allegedly owed by the plaintiff, and this conduct caused the plaintiff damages.



2. The plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which the plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Legal Recovery Law Offices, Inc., Mark D. Walsh, and Capital One Bank (USA) N.A. took place in California.

5. Any violations by the defendants were knowing, willful, and intentional, and the defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because the defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, the defendants conducted business within the State of California.

## PARTIES

11. The plaintiff is a natural person who resides in the City of Poway, State of California.

12. The defendants are located and do business in the State of California.

13. The plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. The defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

15. The plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from the plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. The defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. Sometime before March 29, 2010, the plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before March 29, 2010, the plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

22. Subsequently, but before March 29, 2010, the alleged debt was assigned, placed, or otherwise transferred to the defendants for collection.

23. In reality, as the defendants knew or should have known, the plaintiff never incurred or had anything to do with this debt. In reality, as the defendants knew or should have known, the debt that the defendants alleged was owed by the plaintiff was incurred solely by the plaintiff's father. However, because the father declared bankruptcy, the defendants decided to see if they could coerce payments from the daughter.

24. On or about March 29, 2010, the defendants wrote a letter to the plaintiff and demanded payment of the alleged debt.

25. This communication to the plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. Subsequently, on April 7, 2010, the plaintiff advised the defendant that she disputed the debt pursuant to 15 U.S.C. § 1692g.

28. Subsequently, the plaintiff also advised the defendants that the plaintiff had retained an attorney concerning the alleged debt, consistent with 15 U.S.C. §1692c(a)(2).

29. On or about April 15, 2010, the attorney for the plaintiff advised the defendants, in writing, that the plaintiff was represented by said attorney with respect to any consumer debt. This writing included said attorney's name and

address and a request that all communications regarding any consumer debt be addressed to said attorney, consistent with Cal. Civ. Code § 1788.14(c), 15 U.S.C. §1692c(a)(2), and Cal. Civ. Code § 1788.17.

30. Thereafter, the defendant again contacted the plaintiff in an attempt to collect the alleged debt, thereby violating Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2). Because this letter violated the language in 15 U.S.C. §1692c(a)(2), this letter also violated Cal. Civ. Code § 1788.17.

31. On or about July 1, 2010, the defendants filed a lawsuit against the plaintiff for a debt the defendants knew only too well was not owed by the plaintiff and was, instead, allegedly incurred by the plaintiff's father. The plaintiff never applied or made any charges on the credit card in question.

32. Because the plaintiff notified the defendant in writing within the thirty-day period described in subsection (a) of 15 U.S.C. § 1692g that the debt, or some portion thereof, was disputed, the defendant had a duty to verify the alleged debt with the plaintiff.

33. Because the defendant failed to verify the alleged debt with the plaintiff prior to filing a lawsuit, the defendant violated 15 U.S.C. § 1692g and Cal. Civ. Code § 1788.17.

34. In filing this lawsuit against the plaintiff, the defendants filed a state complaint. This state complaint was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

35. This state complaint was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

36. By filing this lawsuit the defendants are attempting to take legal action they are not legally entitled to take, in violation of 15 U.S.C. § 1692e(5) and Cal. Civ. Code § 1788.17.

37. By filing this lawsuit, the defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

1   Consequently, the defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §
2   1692e(10).
3   38. By filing this lawsuit, the defendant used an unfair or unconscionable means
4   to collect or attempt to collect any debt. Consequently, the defendant violated
5   15 U.S.C. § 1692f and 1692f(1).
6   39. Because this violated certain portions of the federal Fair Debt Collection
7   Practices Act as these portions are incorporated by reference in the Rosenthal
8   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
9   this conduct or omission violated Cal. Civ. Code § 1788.17.
10  40. In the defendants' state complaint, the defendants asked for a "contractual rate
11  of 19.80% [interest] from the date of breach." In reality, there was no
12  contract with the plaintiff, and the contractual rate that the defendant may
13  have had with the plaintiff's father did not include a contractual rate of
14  19.80%. This representation is a materially false characterization of the debt
15  because it distorts the amount of the debt allegedly owed, and, consequently,
16  violates 15 U.S.C. § 1692e, 1692e(10), 15 U.S.C. § 1692f, 1692f(1), and Cal.
17  Civ. Code § 1788.17.
18  41. Because this violated certain portions of the federal Fair Debt Collection
19  Practices Act as these portions are incorporated by reference in the Rosenthal
20  Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
21  this conduct or omission violated Cal. Civ. Code § 1788.17.

HYDE & SWIGART
San Diego, California

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

42. The plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, the plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

45. The plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

47. As a result of each and every violation of the Rosenthal Act, the plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that judgment be entered against the defendant, and the plaintiff be awarded damages from the defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

48. Pursuant to the seventh amendment to the Constitution of the United States of America, the plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: Aug 4, 2010

By: _____
Joshua B. Swigart
Attorneys for the plaintiff

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jaclyn E. Adler

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

## DEFENDANTS
Legal Recovery law Offices, Inc., Mark D. Walsh, and Capital One Bank (USA) N.A.

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 1778 BEN BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,001.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 8/25/10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 17333   AMOUNT $355   8/25/10   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS017333
Cashier ID: bhartman
Transaction Date: 08/25/2010
Payer Name: HYDE AND SWIGART
----------------------------------
CIVIL FILING FEE
 For: ADLER V LEGAL RECOVERY LAW OFF
 Case/Party: D-CAS-3-10-CV-001778-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 4054
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```